UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,
v.

SENTHIL RAMAMURTHY and
MANGALA RAMAMURTHY,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Indicted on a variety of conspiracy charges, substantive health care fraud charges, and false statement charges, Defendant Mangala Ramamurthy has filed a motion for a bill of particulars, seeking four categories of information. [ECF No. 70]. The United States objects to the motion, branding it an improper attempt to use a bill of particulars to discover the government's general trial strategy. [ECF No. 78]. United States District Judge Cecilia M. Altonaga referred the motion to the Undersigned [ECF No. 73], and this order provides a modest amount of relief but denies in large part the motion.

**Factual Background**

In a Superseding Indictment, a federal grand jury indicted Senthil Ramamurthy

and Mangala Ramamurthy on myriad health care fraud charges. [ECF No. 32]. Defendant Mangala Ramamurthy is a doctor and the mother of Co-Defendant Senthil Ramamurthy.

The main conspiracy count (count 1) alleges that the mother and son participated in a conspiracy from September 30, 2014 to July 10, 2015 (though no overt acts are alleged against the mother). The substantive counts against the mother are for alleged acts during a brief period of approximately three weeks in early 2015.

Dr. Ramamurthy says that the first particular she is requesting is *when* she allegedly joined the conspiracy and how long did her purported participation last. She contends that this is important because text messages and other statements between her son and alleged co-conspirators (other than herself) before this date would not be admissible against her. *See United States v. Garcia*, 13 F.3d 1464 (11th Cir. 1994) (finding it was error to admit statements under co-conspirator exception against defendant where statements were made before defendant entered conspiracy).

Defense counsel has conferred with the government, and the government has informed defense counsel that "as of today," (i.e., presumably, February 5, 2019, when the motion was filed) the government is alleging that Mangala joined the conspiracy in February 2015, but that it was "not willing to commit to a precise date because ... the investigation is ongoing." [ECF No. 70, p. 2].

In its opposition memorandum, the United States argues that it should not be required to now commit "to precise dates other than those already contained in the superseding indictment." [ECF No. 78, p. 5].

The false statement counts (counts 25, 26, and 27) claim generally that Dr. Ramamurthy "represented" something during her debriefing "when in truth and in fact" that representation was not true. But Defendant emphasizes that those counts "do not state what question was posed to her and what her exact answer was; there are no quotes of any precise language by either the questioner or the witness in the indictment." [ECF No. 70, p. 2].

Dr. Ramamurthy further stresses that "the government made no effort to transcribe the debriefing or record it, although it claims they were considering an indictment against the mother prior to the interview." [ECF No. 70, p. 2]. Therefore, she notes, the government has "only provided to the defense a brief, imprecise 2-page summary report of the debriefing," which she describes as a "terse synopsis [which] does not contain the specifics of the questions or answers." [ECF No. 70, pp. 2-3].

In arguing that the government did not transcribe the debriefing, Dr. Ramamurthy does not allege that the interview was in fact ever recorded in the first place, and there is no evidence on this record that the interview was recorded. Indeed, it would be highly unusual for her voluntary debriefing to have been recorded, as the

3

practice in this district is to *not* record these types of interviews. Defendant does not allege that *she* made an effort to record the debriefing either, such as through a request (to, for example, the prosecutor or the lead case agent) that her attorneys (or government officials) record the interview on their cellular telephones (or otherwise).

Because the so-called "terse synopsis" does not contain the "specifics" of the questions or answers, Dr. Ramamurthy's motion seeks the "specific questions that [she] was asked, who asked it, how many times it was asked, and what her exact answer was." [ECF No. 70, p. 3]. In addition, she demands to know "the way in which the government alleges the specific statements to be false." *Id.*

The Superseding Indictment alleges the following three false statements that Dr. Ramamurthy made in the debriefing: (1) falsely representing that she did not know that her son Senthil had an interest and involvement in MedHealth Quest; (2) falsely representing that she personally spoke to each patient identified in the Superseding Indictment when she wrote them prescriptions for compounded medication; and (3) falsely denying that she had any involvement with, or conducted business on behalf of, SKR Services and Ventures, LLC, which is alleged to have recruited and paid individuals to refer beneficiaries to it in order to, in turn, refer those beneficiaries to two pharmacies. [ECF No. 32, p. 16].

**Applicable Legal Standards and Analysis**

Federal Rule of Criminal Procedure 7 provides the standard for criminal indictments. Rule 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c).

Rule 7(f), in turn, provides that "[t]he court may direct the government to file a bill of particulars." *Id.* at 7(f). The purpose of a bill of particulars under Rule 7(f) is generally understood to be threefold: (1) "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense"; (2) "to minimize surprise at trial"; and (3) "to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)) (affirming order denying bill of particulars).

Courts in this Circuit are typically careful to not overextend these purposes, however. A bill of particulars is not meant to be a mechanism of general discovery. *See United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)); *see also United States v. Belfast*, No. 06-20758-CR, 2007 WL 1879909, at *3 (S.D. Fla. Jun. 29, 2007) (citations omitted) ("A bill of particulars is not devised to provide general discovery."). Beyond the express purposes set forth

above, a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 Fed. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)); *see also United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy.").

This conceptual distinction between the purposes of a bill of particulars and other pretrial information devices is underscored by the rationale that access to further information via other means can render a bill of particulars inappropriate. *See Roberts*, 174 Fed. App'x at 477 ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery."); *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (citing *Rosenthal*, 793 F.2d at 1227) ("[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'").

Finally, district courts have broad discretion in deciding whether a bill of particulars should be granted, and a district court's denial of a bill of particulars is only reversible upon a showing of actual surprise and prejudice against the defendant at trial. *Cole*, 755 F.2d at 760 (citing *Colson*, 662 F.2d at 1391); *see also Roberts*, 174 Fed. App'x

6

at 477 (citing *Will v. United States*, 389 U.S. 90, 98–99 (1967)) ("We review a district court's denial of a motion for a bill of particulars for abuse of discretion. . . . Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights resulting from the denial.").

The Undersigned recognizes that the failure to provide specific dates of conduct committed in furtherance of a conspiracy is not a basis for a bill of particulars. *See Colson*, 662 F.2d at 1391 (affirming denial of motion for bill of particulars seeking precise dates of conduct within conspiracy and noting that "proof of abuse [of discretion] requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial"); *see also United States v. Belardo-Quinones*, 71 F.3d 941, 944 (1st Cir. 1995) (finding government's refusal to provide specific dates of conduct within a conspiracy not a basis for granting bill of particulars) (*citing United States v. Paiva,* 892 F.2d 148, 153-56 (1st Circuit 1989) (affirming denial of motion for bill of particulars on indictment that did not specify precise dates conspiracy began and ended and date the defendant joined the conspiracy).

**On the other hand,** Dr. Ramamurthy has asserted a viable argument: that co-conspirator statements might be potentially inadmissible if they were made before she entered the conspiracy. There is consequently a need to know, at trial, the date of her alleged participation in the conspiracy. Therefore, although the Undersigned is not now

7

requiring a bill of particulars, I *am* requiring the United States to commit to a date when Dr. Ramamurthy joined the conspiracy by the morning of the first trial day when the government seeks to introduce co-conspirator statement evidence against her.[1]

Dr. Ramamurthy suggests that the standard for false statement cases is one involving recorded testimony or recorded statements to law enforcement officials. Although many false statement cases do involve recorded statements, the law does not require it, and Dr. Ramamurthy has not argued that such a legal requirement exists.

To support her contention that she is entitled to a more-precise description of her purportedly false statements during her debriefing interview (where she was represented by two attorneys), Dr. Ramamurthy relies on an out-of-circuit decision: *United States v. Trie*, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998). In *Trie*, the defendant was charged with three counts of "aiding and abetting the making of false statements to a government agency in violation of 18 U.S.C. § 1001 and 18 U.S.C. § 2." *Trie*, 21 F. Supp. 2d at 13. In opposition to Trie's motion for bill of particulars, the government contended that information pertaining to Trie's alleged false statements was contained in the approximately 1.9 million pages of open file discovery it made available at a central file location. *See Trie*, 21 F. Supp. 2d at 21 n.12.

The Court in *Trie* stated that "[a] defendant faced with false statements charges

---

[1] At the risk of stating the obvious, Judge Altonaga is the judicial officer who will preside over the trial, so the final ruling on this point will be hers.

8

should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Id.* at 21 (citation omitted). The Court also explained that the open file discovery "is no substitute for adequate specification of the crimes." *Id.* at 21 n.12.

But the instant case is far different than *Trie*. The Superseding Indictment here specifically alleges the false statements made by the Defendant -- so there is no guesswork required by the Defendant (and no need to scour through millions -- or even thousands or hundreds -- of documents). Moreover, Defendant was (obviously) present at her own debriefing on October 19, 2018, and an interview report summarizing the debrief prepared by the case agent tasked with writing the report was produced to her counsel in January 2019. Moreover, her two attorneys were also present for the interview, and they presumably took notes of the debriefing. (At a minimum, Defendant has not alleged that her attorneys *failed* to take notes).

Significantly, the Superseding Indictment contains the *specific statements* the government charges to be false. One of the primary purposes for a bill of particulars is to eliminate the defendant's surprise at the charges brought against her. *See Burgin,* 621 F.2d at 1359. Where the bulk of the government's evidence consists of testimony

regarding conversations the defendant personally participated in, the defendant cannot argue surprise. Therefore, a bill of particulars is not warranted. *See United States v. Cole*, 755 F.2d 748, 760-61 (11th Cir. 1985) (emphasis added) (denying motion for bill of particulars where indictment tracked the language of the statute, provided adequate notice of charges, and bulk of government's evidence involved testimony by witnesses about conversations in which the defendant *participated*).

To be sure, Dr. Ramamurthy's defense of the false statement counts might be more effective if the actual questions and answers had been provided. But those statements were not recorded, and neither the case agent's report nor the handwritten notes (of the case agent, the prosecutor, or the government paralegal) disclose the specific questions or verbatim answers.[2] But the absence of that specificity is surely something that Dr. Ramamurthy's counsel can probe to his benefit during cross-examination (and can highlight during closing argument). Defendant cannot, to use a metaphor, get blood out of a stone. If the government does not know the specific questions or answers (which appears to be the scenario), then no amount of orders can compel production of that information.

Thus, as a practical matter, it seems likely that an order requiring the government to provide more particulars by pinpointing the specific questions and

---

[2] The Undersigned recently reviewed these under-seal documents *in camera*, in connection with Defendant's motion for the notes.

answers would provide only *illusory* relief -- as it appears as though the government would be **unable** to actually give additional detail about the language of the questions and answers.

Finally, the Undersigned rejects Dr. Ramamurthy's argument that the government must specify the way in which it believes the false statements to be false. *See United States v. Barnhart*, 889 F.2d 1374 (5th Cir. 1989); *United States v. Oberski*, 734 F.2d 1035, 1035 n.1 (5th Cir. 1984) (rejecting requirement that a perjury indictment allege in detail the factual proof that will be relied on to support the charges); s*ee also United States v. Barnes*, No. 12-60011, 2012 WL 12952641, at *2 (S.D. Fla. June 18, 2012) (denying motion for bill of particulars and explaining that "when you add discovery and the communications between both parties to the indictment, the Defendant has been provided necessary information").

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 13, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record